**No. 2021-2348**

# In the
# United States Court of Appeals
## for the Federal Circuit

---

LKQ CORPORATION; KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,

*Appellants,*

v.

GM GLOBAL TECHNOLOGY OPERATIONS LLC,

*Appellee.*

_____

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2020-00534.

**APPELLANTS' UNOPPOSED MOTION TO EXTEND TIME TO FILE REQUEST FOR REHEARING *EN BANC***

| | |
|---|---|
| Barry F. Irwin, P.C. | Mark A. Lemley |
| Iftekhar A. Zaim | Mark P. McKenna |
| Andrew C. Himebaugh | **LEX LUMINA PLLC** |
| **IRWIN IP LLC** | 745 Fifth Ave., Suite 500 |
| 150 N. Wacker Dr., Suite 700 | New York, NY 10151 |
| Chicago, IL 60606 | (630) 430-8051 |
| (312) 667-6080 | mlemley@lex-lumina.com |
| birwin@irwinip.com | mark@lex-lumina.com |
| izaim@irwinip.com | |
| ahimebaugh@irwinip.com | |

*Counsel for Appellants*
*LKQ Corporation and Keystone Automotive Industries, Inc.*

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Federal Circuit Rule 26(b), Appellant LKQ Corporation and Keystone Automotive Industries, Inc. ("Appellants") respectfully requests a 30-day extension of time to file its Petition for Rehearing *En Banc*, from February 21, 2023 to March 23, 2023. This request is filed at least 7 days prior to the due date sought to be extended and is Appellants' second motion for an extension of time in this appeal.

Appellants have corresponded with counsel for Appellee, GM Global Technology Operations LLC, who have confirmed that they do not oppose this request.

Good cause exists for a 30-day extension. As described in the below-appended Declaration of Barry F. Irwin, counsel for appellants have substantial competing professional obligations and commitments that overlapped and overlap with the briefing period for preparing the petition for rehearing *en banc*. The requested extension would allow Appellants sufficient time to prepare their petition, and also allow counsel for Appellants time to attend to significant competing professional obligations and commitments during that timeframe.

The requested extension would not prejudice any party.

Accordingly, for the reasons set forth above and in the below-appended Declaration of Barry F. Irwin, Appellants respectfully request a 30-day extension of time to file its petition for rehearing *en banc*, to and including March 23, 2023.

- 2 -

Dated: February 13, 2023

Respectfully submitted,

By: */s/ Barry F. Irwin*
Barry F. Irwin, P.C.
Iftekhar A. Zaim
Andrew C. Himebaugh
**IRWIN IP LLC**
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
(312) 667-6080
birwin@irwinip.com
izaim@irwinip.com
ahimebaugh@irwinip.com

Mark A. Lemley
Mark P. McKenna
**LEX LUMINA PLLC**
745 Fifth Ave., Suite 500
New York, NY 10151
(630) 430-8051
mlemley@lex-lumina.com
mark@lex-lumina.com

*Counsel for Appellants
LKQ Corporation and Keystone
Automotive Industries, Inc.*

# **DECLARATION OF BARRY F. IRWIN**

I, Barry F. Irwin, hereby declare as follows:

1. I am counsel of record for Appellants LKQ Corporation and Keystone Automotive Industries, Inc. in this matter and am responsible for preparing and filing Appellants' petition for rehearing *en banc*. I submit this declaration pursuant to Federal Circuit Rule 26(b) in support of Appellants' unopposed motion for a 30-day extension of time for filing its petition for rehearing *en banc* in this appeal. I have knowledge of the facts set forth below and, if called as a witness, could and would testify to them.

2. Appellants' petition for rehearing *en banc* is currently due February 21, 2023. Appellants seek an extension of 30 days to and including March 23, 2023.

3. I and other attorney serving as counsel for Appellants had and have significant concurrent obligations in months of January and February. My competing professional obligations during that time span include, but are not limited to, principal responsibility for dispositive briefing in *Certain Replacement Automotive Lamps I*, Case No. 337-TA-1291, and *Certain Replacement Automotive Lamps II*, 337-TA-1292, before the International Trade Commission (comprising over 100 pages of briefing that counsel had only two weeks to prepare and that was due to the Commission on February 6); dispositive briefing in *LKQ Corporation, et al. v. General Motors Company, et al.*, Case No. 21-cv-05854 (N.D. Ill.); and

discovery motions across various other matters. Mr. Zaim's competing professional obligations during that time span included involvement in the dispositive briefing for *Certain Replacement Automotive Lamps I*, Case No. 337-TA-1291, and *Certain Replacement Automotive Lamps II*, 337-TA-1292, before the International Trade Commission; discovery and other obligations in *Repairify, Inc. v Keystone Automotive Indus., Inc., et al.*, Case No. 6:21-cv-00819-ADA (W.D. Tex.); and settlement mediation-related briefing and negotiations in *Broom Designs, LLC v. W.W. Grainger, Inc., et al.*, Case No. 22-cv-03844 (N.D. Ill.) (*consol'd with* Case No. 22-cv-03846). And, Lex Lumina was fully engaged in a trademark trial that concluded on February 8, and Mr. Lemley and Mr. McKenna have a filing due in the United States Supreme Court later this month. The requested extension would allow Appellants time to properly prepare and present their petition for rehearing *en banc* to the Court while also accommodating these competing professional commitments.

4.    On February 10, 2023, Joseph Herriges, counsel of record for Appellee GM Global Technology Operations LLC ("GM"), confirmed that GM would not oppose this motion.

5.    This unopposed request will not prejudice either party.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 13, 2023                */s/ Barry F. Irwin*
                                              Barry F. Irwin

                                              *Counsel for Appellants*
                                              *LKQ Corporation and*
                                              *Keystone Automotive*
                                              *Industries, Inc.*

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2021-2348

**Short Case Caption:** LKQ Corporation, et al., v. GM Global Technology Operations LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __649__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 02/13/2023

Signature: /s/ Barry F. Irwin

Name: Barry F. Irwin

Save for Filing

FORM 9. Certificate of InterestForm 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number** 21-2348

**Short Case Caption** LKQ Corporation v. GM Global Technology Operations LLC

**Filing Party/Entity** LKQ Corporation

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 12/29/2021     Signature: /s/Barry Irwin

Name: Barry Irwin

FORM 9. Certificate of Interest　　　　　　　　　　　　　　　　　　　　　　　　　Form 9 (p. 2)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| LKQ Corporation | | None |
| Keystone Automotive Industries, Inc. | | LKQ Corporation |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

FORM 9. Certificate of Interest                                    Form 9 (p. 3)
                                                                    July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable    ☐ Additional pages attached

| Reid Huefner | Margaret Herrmann | |
| --- | --- | --- |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable    ☐ Additional pages attached

| | | |
| --- | --- | --- |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

| | | |
| --- | --- | --- |
| | | |