# United States Court of Appeals for the Federal Circuit

---

**LKQ CORPORATION, KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,**
*Appellants*

**v.**

**GM GLOBAL TECHNOLOGY OPERATIONS LLC,**
*Appellee*

---

2021-2348

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-00534.

---

## ON PETITION FOR REHEARING EN BANC

---

BARRY IRWIN, Irwin IP LLP, Chicago, IL, filed a petition for panel rehearing and rehearing en banc for appellants. Also represented by ANDREW HIMEBAUGH, IFTEKHAR ZAIM, Chicago, IL; MARK A. LEMLEY, MARK P MCKENNA, Lex Lumina PLLC, New York, NY.

JOSEPH HERRIGES, JR., Fish & Richardson PC, Minneapolis, MN, filed a response to the petition for appellee. Also represented by JOHN A. DRAGSETH; NITIKA GUPTA FIORELLA, Wilmington, DE.

JOHN LOUIS CORDANI, Robinson & Cole LLP, Hartford, CT, for amici curiae American Property Casualty Insurance Association, National Association of Mutual Insurance Companies. Also represented by BENJAMIN M. DANIELS; KYLE GLENDON HEPNER, Washington, DC.

ROBERT GLENN OAKE, JR., Oake Law Office, Allen, TX, for amicus curiae Automotive Body Parts Association.

PHILLIP R. MALONE, Juelsgaard Intellectual Property and Innovation Clinic, Mills Legal Clinic, Stanford Law School, Stanford, CA, for amici curiae Mark Bartholomew, Amy L. Landers, Ana Santos Rutschman, Sharon K. Sandeen, Joshua D. Sarnoff.

CHRISTOPHER T. HOLLAND, Holland Law LLP, San Francisco, CA, for amici curiae TYC Americas, TYC Brother Industrial Co., Ltd. Also represented by LORI HOLLAND.

––––––––––––––

Before MOORE, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, REYNA, TARANTO, CHEN, HUGHES, STOLL, and STARK, *Circuit Judges*.[*]

PER CURIAM.

## O R D E R

Appellants LKQ Corporation and Keystone Automotive Industries, Inc. (collectively, "LKQ") filed a petition for rehearing en banc. A response to the petition was invited by the court and filed by Appellee GM Global Technology Operations LLC ("GM"). The court also accepted amicus briefs filed by TYC Americas and YC Brother Industrial Co. Ltd; Mark Bartholomew, Amy L. Landers, Ana Santos

––––––––––––––

[*]   Circuit Judge Cunningham did not participate.

Rutschman, Sharon K. Sandeen, and Joshua D. Sarnoff; American Property Casualty Insurance Association and National Association of Mutual Insurance Companies; and Automotive Body Parts Association.

The petition was referred to the circuit judges in regular active service. A poll was requested and taken, and the court decided that the appeal warrants en banc consideration.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for rehearing en banc is granted.

(2) The panel opinion in *LKQ Corp. v. GM Global Technology Operations LLC*, No. 2021-2348, 2023 WL 328228 (Fed. Cir. Jan. 20, 2023) is vacated, and the appeal is reinstated.

(3) The parties are requested to file new briefs, which shall address the following questions:

> A. Does *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), overrule or abrogate *In re Rosen*, 673 F.2d 388 (CCPA 1982), and *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100 (Fed. Cir. 1996)?
>
> B. Assuming that *KSR* neither overrules nor abrogates *Rosen* and *Durling*, does *KSR* nonetheless apply to design patents and suggest the court should eliminate or modify the *Rosen-Durling* test? In particular, please address whether *KSR*'s statements faulting "a rigid rule that limits the obviousness inquiry," 550 U.S. at 419, and adopting "an expansive and flexible approach," *id.* at 415, should cause us to eliminate or modify: (a) *Durling*'s requirement that "[b]efore one can

begin to combine prior art designs . . . one must find a single reference, 'a something in existence, the design characteristics of which are basically the same as the claimed design,'" 101 F.3d at 103 (quoting *Rosen*, 673 F.2d at 391); and/or (b) *Durling*'s requirement that secondary references "may only be used to modify the primary reference if they are 'so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other,'" *id.* at 103 (quoting *In re Borden*, 90 F.3d 1570, 1575 (Fed. Cir. 1996)) (internal alterations omitted).

C. If the court were to eliminate or modify the *Rosen-Durling* test, what should the test be for evaluating design patent obviousness challenges?

D. Has any precedent from this court already taken steps to clarify the *Rosen-Durling* test? If so, please identify whether those cases resolve any relevant issues.

E. Given the length of time in which the *Rosen-Durling* test has been applied, would eliminating or modifying the design patent obviousness test cause uncertainty in an otherwise settled area of law?

F. To the extent not addressed in the responses to the questions above, what differences, if any, between design patents and utility patents are relevant to the obviousness inquiry, and what role should these differences play in the test for obviousness of design patents?

LKQ CORPORATION v.                                                    5
GM GLOBAL TECHNOLOGY OPERATIONS LLC

(4)  While the issues of anticipation and forfeiture are preserved, the court does not require additional briefing on them.

(5)  LKQ's en banc opening brief is due 45 days from the date of this order.  GM's en banc response is due within 45 days of service of LKQ's en banc opening brief, and LKQ's reply brief within 30 days of service of the response brief.  The parties may file a supplemental appendix, if necessary to cite to additional material, within 7 days after service of the reply brief. The parties' briefs must comply with Fed. Cir. R. 32(b)(1).

(6)  The court invites the views of the United States as amicus curiae.  Any other briefs of amicus curiae may be filed without consent and leave of the court.  Any amicus brief supporting LKQ's position or supporting neither position must be filed within 14 days after service of LKQ's en banc opening brief.  Any amicus brief supporting GM's position must be filed within 14 days after service of the GM's response brief.  Amicus briefs must comply with Fed. Cir. R. 29(b).

(7)  Oral argument will be held at a time and date to be announced later.

FOR THE COURT

June 30, 2023                          /s/ Jarrett B. Perlow
      Date                             Jarrett B. Perlow
                                       Acting Clerk of Court